UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL M. CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:24-cv-00242-SEP |
| ) | |
| LOVE'S TRAVEL STOPS &, ) | |
| & COUNTRY STORES, et al., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is pro se Plaintiff Daniel Carter's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3]. Having reviewed the application and financial information submitted in support, the application is granted. Plaintiff must show cause within twenty-one (21) days of the date of this Order as to why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### FACTS AND BACKGROUND

On December 21, 2022, Plaintiff Daniel Carter and his family were driving from Wisconsin to Texas in Plaintiff's Peterbilt semi-trailer truck when they pulled into a QuikTrip gas station in Rolla, Missouri. *See* Doc. [1] at 7. After fueling up, Plaintiff's truck would not start, so he called the Love's Travel Stop in Rolla for assistance. *Id*. Love's sent out a mechanic who diagnosed a problem with the starter. Over the next four days, the repair of Plaintiff's truck was repeatedly delayed, and Plaintiff ended up sleeping in a rental car with his family. *Id*. at 7-11. On Christmas Day, Love's told Plaintiff that the starter was replaced, but after Plaintiff started the truck, it would not shift into gear. *Id*. at 9. When Plaintiff noted that the truck did not have that problem until Love's tried to repair the starter, one of the mechanics "approached Mr. Carter violently" and "spit on Mr. Carter, as he tried to take Mr. Carter phone out of his hands for recording." *Id*. at 10. Plaintiff alleges he "heard one of Love's Mechanics scream[ ] out 'white power' at least twice." *Id*.

After the altercation, Love's called the Rolla Police Department (RPD) to have Plaintiff removed. *Id*. Plaintiff alleges that his truck was towed by Big Boy Towing and Recovery to their tow yard, and he was denied access to his truck by the RPD and Big Boy. *Id*. Later, Big Boy allowed Peterbilt to pick up the truck. Plaintiff alleges that investigations and diagnostic

testing by Peterbilt and Progressive Insurance revealed that Love's faulty repair job caused his truck's problems. *Id*. at 10-11.

Invoking the Court's diversity jurisdiction, Plaintiff filed this suit against "Love's Travel Stops & Country Stores #341," and Love's employees Grace Morales, Josh Jones, and two John Doe mechanics. Plaintiff sues for negligence, breach of contract, and assault and battery. *See* Docs. [1], [4]. For relief, he asks for "compensatory damages, including, but not limited to, lost earnings, in such amounts as reasonably compensate his losses, and damages for emotional distress," and punitive damages. Doc. [1] at 11. Plaintiff claims $160,000 in lost wages—his "average gross income"—$91,000 in damage to his truck, and $30,000 in damages to his trailer. *Id*. at 3. Receipts attached to the Complaint show expenses of around $8000. *See* Docs. [1-2], [1-4], [1-6].

## DISCUSSION

"Subject matter jurisdiction refers to the court's power to decide a certain class of cases." *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park*, 567 F.3d 976, 982 (8th Cir. 2009).

The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. *See Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Rsrv.*, 495 F.3d 1017, 1020 (8th Cir. 2007) ("[W]e find neither diversity of citizenship nor federal question jurisdiction applicable and conclude that subject matter jurisdiction is lacking."). Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties are citizens of different states and where the amount in controversy is more than $75,000. The Court must "decide what the amount in controversy is from the complaint itself." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961).

It does not appear from the Complaint or supplemental filing that the Court has federal question or diversity jurisdiction. Nothing in the Complaint refers to a violation of a specific federal statute or the Constitution. *See Thomas v. United Steelworkers Loc. 1938*, 743 F.3d

2

1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction."). And Plaintiff indicates in the Complaint and supplement that he is pursuing only state law claims for negligence, breach of contract, and assault. Those claims do not establish federal question jurisdiction.

The Complaint also fails to establish diversity jurisdiction. Plaintiff invokes the Court's diversity jurisdiction, but he does not clearly identify the citizenship of Defendants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). An individual is a citizen of the state in which he or she is domiciled. *See Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). "To establish domicile, an individual must both be physically present in the state and have the intent to make his home there indefinitely." *Id*. "A corporation is a citizen of the state of its incorporation and the state of its principal place of business." *E3 Biofuels, LLC v. Biothane, LLC*, 6 F. Supp. 3d 993, 998 (D. Neb. 2014), *aff'd*, 781 F.3d 972 (8th Cir. 2015). "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *OnePoint Sols.*, 486 F.3d at 346.

Plaintiff also fails to sufficiently allege that more than $75,000 is in controversy. Although a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction, a "complaint will be dismissed if it 'appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010) (cleaned up) (quoting *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002)). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017) (cleaned up) (quoting *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011)).

Plaintiff attached copies of bills totaling around $8000 to the Complaint. *See* Docs. [1-2], [1-4], [1-6]. "Generally, the measure of damages recoverable for defective repairs of a . . . motor vehicle is the difference between the value of the vehicle in its defective condition and its value in the condition in which it would have been if the repairs had been properly performed, together with all other losses proximately resulting from the defective repair work." *Southwick v. Ace Auto Body Shop, Inc.*, 646 S.W.2d 401, 403-04 (Mo. Ct. App. 1983) (quoting 38 Am. Jur. 2d *Garages, Service Stations, and Parking Facilities* § 80 (1968). Other methods for measuring

damages from negligent repair of an automobile include "the difference between the value of the vehicle before and after defective repair; the difference between the amount paid for repairs and actual value of repairs or the amount necessary to complete the work; the cost of completing the repairs; and a return of the amount paid." *Id*. Plaintiff has not provided any allegations in the Complaint or supplement as to the difference the allegedly negligent repairs made to the fair market value of the truck. And there is no indication that Plaintiff is entitled to claim emotional distress or punitive damages to establish the amount in controversy when his specific damages total less than $8000.

In Missouri, punitive damages are usually "not recoverable in actions for negligence, because negligence, a mere omission of the duty to exercise care, is the antithesis of willful or intentional conduct." *Blanks v. Fluor Corp.*, 450 S.W.3d 308, 401 (Mo. Ct. App. 2014) (quoting *Hoover's Dairy, Inc. v. Mid-Am. Dairymen, Inc./Special Prods., Inc.*, 700 S.W.2d 426, 435 (Mo. 1985)). "But an act or omission, though properly characterized as negligent, may manifest such reckless indifference to the rights of others that the law will imply that an injury resulting from it was intentionally inflicted." *Id*. (quoting *Hoover's Dairy*, 700 S.W.2d at 435). "In this context, '"reckless" connotes an indifference to whether or not wrong or injury is done.'" *Poage v. Crane Co.*, 523 S.W.3d 496, 516 (Mo. Ct. App. 2017) (quoting *Blum v. Airport Terminal Servs., Inc.*, 762 S.W.2d 67, 73 (Mo. Ct. App. 1988)). There may also be a "conscious negligence tantamount to intentional wrongdoing," where the actor, "though having no specific intent to injure, must be conscious, from his knowledge of surrounding circumstances and existing conditions, that his conduct will naturally or probably result in injury." *Sharp v. Robberson*, 495 S.W.2d 394, 397 (Mo. 1973). Plaintiff has not alleged such actions by Defendants, so there is no indication that he can sustain a claim for punitive damages.

Plaintiff also claims damages for emotional distress. A plaintiff can "recover for emotional distress provided: (1) the defendant should have realized that his conduct involved an unreasonable risk of causing the distress; and (2) the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant." *Bass v. Nooney Co.*, 646 S.W.2d 765, 772-73 (Mo. 1983); *see also Fetick v. Am. Cyanamid Co.*, 38 S.W.3d 415, 419 (Mo. 2001) ("This Court now holds that emotional distress, to be compensable as damages for willful fraud, must be medically diagnosable and significant."). Plaintiff alleges in a conclusory manner that after December of 2022, he saw a "Mental Health Provider" and was prescribed "Mental Health Medications." Doc. [1] at 5. The Court must "accept as true the facts

4

alleged, but not legal conclusions or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, it does not appear that he is eligible for emotional distress damages under Missouri law.

"[W]hen a federal complaint alleges a sufficient amount in controversy to establish diversity jurisdiction, but . . . the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *See Missouri ex rel. Pemiscot Cnty v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995). Plaintiff must provide "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004).

### ORDER TO SHOW CAUSE

Plaintiff has not provided a basis for this Court's jurisdiction. If the Court determines at any time that it lacks subject matter jurisdiction, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). Therefore, Plaintiff must show cause within twenty-one (21) days of the date of this Order as to why this case should not be dismissed for lack of subject matter jurisdiction. Failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3], is **GRANTED**, and the filing fee is waived.

**IT IS FURTHER ORDERED** that Plaintiff is required to show cause in writing and within **twenty-one (21) days** of the date of this Order why this action should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 3rd day of July, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE