## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DANIEL M. CARTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:24-cv-00242-SEP |
| LOVE'S TRAVEL STOPS & COUNTRY STORES #341, et al., | ) ) ) |
| Defendants. | ) ) |

### **MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Daniel Carter's Motion to Correct the Records and Assert Addendum to Plaintiff['s] Amended Complaint, Doc. [21]. For the reasons set forth below, the motion, construed as a request to amend the Second Amended Complaint by interlineation, is denied. In order to establish jurisdiction, Plaintiff is required to file a Third Amended Complaint on a Court-provided form no later than March 13, 2026.[1]

### **BACKGROUND**[2]

Plaintiff filed this diversity action on February 14, 2024, against Defendants Love's Travel Stops & Country Stores #341 and four Love's employees. Doc. [1]. He claims that on December 21, 2022, he and his family were driving from Wisconsin to Texas in his Peterbilt semi-trailer truck when they pulled into a QuikTrip gas station in Rolla, Missouri. *See* Doc. [1] at 7. When the truck would not start after refueling, Plaintiff called the Love's Travel Stop in Rolla for assistance. *Id.* Love's sent out a mechanic who diagnosed a problem with the starter. Over the next four days, the repair of Plaintiff's truck was repeatedly delayed, and Plaintiff ended up sleeping in a rental car with his family. *Id.* at 7-11. On Christmas Day, Love's told Plaintiff that the starter was replaced, but after Plaintiff started the truck, it would not shift into gear. *Id.* at 9. When Plaintiff noted that the truck did not have that problem until Love's tried to

---

[1] Defendant's Motion for Extension of Time to Serve Defendants, Doc. [15], is denied as premature. Because Plaintiff has been granted leave to proceed *in forma pauperis*, Doc. [10], the United States Marshals Service will effect service on defendants after jurisdiction is established. *See Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013); *see also Beyer v. Pulaski Cnty. Jail*, 589 Fed. Appx. 798, 799 (8th Cir. 2014) ("[A] plaintiff bears the burden of providing proper service information.").

[2] These factual allegations are stated in Plaintiff's Complaint. For purposes of this Order, the Court takes the factual allegations in the Complaint to be true.

repair the starter, one of the mechanics "approached Plaintiff violently" and "spit on Mr. Carter, as he tried to take Mr. Carter's phone out of his hands for recording." *Id.* at 10. Plaintiff alleges he "heard one of Love's Mechanics scream[ ] out 'white power' at least twice." *Id.*

After the altercation, Love's called the Rolla Police Department (RPD) to have Plaintiff removed from the premises. *Id.* The truck was towed by Big Boy Towing and Recovery to its tow yard, and Plaintiff was denied access to it by the RPD and Big Boy. *Id.* Later, Big Boy allowed Peterbilt to pick up the truck. According to Plaintiff, investigations and diagnostic testing by Peterbilt and Progressive Insurance revealed that Love's faulty repair job caused the truck's problems. *Id.* at 10-11.

Plaintiff initially sued for negligence, breach of contract, and assault and battery. *See* Docs. [1], [4]. For relief, he sought "compensatory damages, including, but not limited to, lost earnings, in such amounts as reasonably compensate his losses, and damages for emotional distress," and punitive damages. Doc. [1] at 11. He claimed $160,000 in lost wages—his "annual[] average gross income"—plus $91,000 in damage to his truck and $30,000 in damages to his trailer. *Id.* at 3. Because receipts attached to the Complaint showed expenses of less than $8,000, *see* Docs. [1-2] ($1,274.42 for repairs by Love's), [1-4] ($2,439.65 for repairs by JX Truck Center), [1-6] ($3,800 for tow and storage), the Court on July 3, 2024, ordered Plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction.[3] Doc. [10].

Rather than respond to the Order to Show Cause, Plaintiff amended the Complaint twice by July 19, 2024. Docs. [11], [12]. On August 12, 2024, Plaintiff filed a Supplemental Exhibit K to his Second Amended Complaint. Doc. [14]. To support jurisdiction, in the Second Amended Complaint, Plaintiff added a claim for Title II race discrimination in public accommodations to his claims for negligence, breach of contract, and assault and battery. *See* Doc. [12] at 6 (citing 42 U.S.C. § 2000a). Plaintiff once again sought $160,000 in lost wages, $91,000 in damage to his truck, and $30,000 in damages to his trailer. *See id.* at 5-6.

On March 31, 2025, the Court again ordered Plaintiff to show cause why this matter should not be dismissed for lack of jurisdiction. Doc. [17] at 4. On review of the Second Amended Complaint, the Court found that Plaintiff had not established that he properly exhausted his Title II claim and had not alleged a sufficient amount in controversy to support

---

[3] Plaintiff was simultaneously granted leave to proceed *in forma pauperis*. Doc. [10].

2

diversity jurisdiction. *See id* at 6.  The Court explained that if Plaintiff sold his truck, he may not claim the truck's full value as a loss and must instead subtract the sale revenue from the pre-incident value of the truck. *See id* at 6.  The Court also explained that, to the extent Plaintiff claims lost wages resulting from defective repair work, he can claim such damages only for the time his truck was out of service while it was being repaired, not for an entire year after changing careers. *Id.* at 5-6 (*citing Anderson v. Exxon Car Care Center, A Div. of Exxon Corp.*, 545 F. Supp. 406 (E.D. La. 1982) (awarding damages for lost earnings due to a negligent car repair).

Plaintiff was required to respond to the Court's order by April 22, 2025.  He was reminded that the exhibits to his initial Complaint included an invoice from JX Truck Center showing what appeared to be a sale listing for Plaintiff's truck. *See* Doc. [1-1].  And in Plaintiff's Application to Proceed in the District Court without Prepaying Fees and Costs, Plaintiff stated that he was working as an Uber Driver, making less than $10,000 a year.  Doc. [3].  If Plaintiff sold his truck and trailer and changed careers after the events described in the Second Amended Complaint, he may not claim the full value of the truck and trailer or 100% of his wages as a truck driver as damages.

On April 7, 2025, Plaintiff filed a response to the second Order to Show Cause, in which he asserts that he properly exhausted his administrative remedies under Title II by filing "a complaint with the Missouri Commission on Human Rights in 2023."  Doc. [19] at 3.  He also claims that there is a fact dispute as to the amount in controversy because "[a]t this point Plaintiff is not able to say when the truck was actually sold or transferred to any dealership, other than the truck was sold to another owner on February 07, 2024."  Doc. [19] at 7.  Plaintiff states that JX Truck Center agreed to sell him his truck back "after the litigation process but failed short on their word.  In which case, is in litigation, as well." *Id.*  He says his trailer is currently being held by a lienholder. *Id.*  He alleges that he was "consistently looking for work as a truck driver," even though he was not able to drive a semi-truck "due to the medication [he] was prescribed by his doctor, relating to the assault and battery from Love's Travel Stops' employee." *Id.*  Plaintiff filed an affidavit on April 11, 2025, stating he was prescribed "medication from his Mental Health Provider consistently and periodically" between December 25, 2022, and December 25, 2023, and that the medication prevents him from driving heavy-duty semi-trucks.  Doc. [20] at 2.

On April 13, 2025, Plaintiff filed another motion to amend his Complaint, which he titled, "Plaintiff['s] Brief Motion to Correct the Records and to Assert Addendum to Plaintiff['s]

3

Amended Complaint." Doc. [21]. In his pleading, Plaintiff seeks to add a claim for race discrimination under 42 U.S.C. § 1981. He states that he erred in reciting 42 U.S.C. § 2000a, because § 2000a only allows him to seek injunctive relief, but he seeks monetary damages. *Id.* at 2. He does not include a proposed Third Amended Complaint, so the Court does not know whether he wants to add his § 1981 claim to his existing counts or is abandoning his earlier counts. The Court will therefore deny his request to amend. If Plaintiff wishes to amend his pleading to establish federal subject matter jurisdiction, he may have until February 27, 2026, to submit a Third Amended Complaint on a Court-provided form in compliance with the instructions set forth below. Failure to do so will result in the dismissal of this action.

### INSTRUCTIONS FOR AMENDING THE COMPLAINT

Twice this Court has instructed Plaintiff to show cause why this action should not be dismissed for lack of jurisdiction. Docs. [10], [17]. Both times, rather than simply responding to the Court's concerns, Plaintiff has sought to amend his pleading. This has confused and prolonged these proceedings, especially insofar as he has attempted to amend his pleadings through interlineation or supplementation, which is not allowed. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (finding it appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion); *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion."). Given Plaintiff's self-represented status and the effort he has put into demonstrating federal jurisdiction, the Court will provide Plaintiff another opportunity to amend his pleading on a Court-provided form.[4]

When crafting his Third Amended Complaint, Plaintiff must state clearly on the Court-provided form the jurisdictional basis for bringing his lawsuit to federal court. Plaintiff should organize his "Statement of Claim" section of the Third Amended Complaint in separately numbered paragraphs, with each paragraph addressing a single set of circumstances. *See* FED. R. CIV. P. 8(a) and 10(b). He must provide a clear explanation of how each of the named defendants' actions or omissions violated his rights. *See Topchian v. JPMorgan Chase Bank,*

---

[4] "All actions by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable. If an action is not filed on a Court-provided form, the Court, in its discretion, may order the self-represented plaintiff or petitioner to file the action on a Court-provided form." Eastern District of Missouri Local Rule 2.06(A).

*N.A.,* 760 F.3d 843, 848 (8th Cir. 2014) (essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Plaintiff's allegations cannot be conclusory or simply a recitation of legal elements. *See Neubauer v. FedEx Corp.,* 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."). Plaintiff should bear in mind that **the Third Amended Complaint will completely replace his earlier pleadings**. Any claims not realleged will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005). The Court will review **only** the Third Amended Complaint and attachments thereto when reviewing Plaintiff's claims under 28 U.S.C. § 1915.

Plaintiff's Third Amended Complaint is due to the Court no later than March 13, 2026. Failure to comply with the instructions in this Order will result in dismissal of this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall provide Plaintiff a blank Civil Complaint form.

**IT IS FURTHER ORDERED** that, **no later than March 13, 2026**, Plaintiff shall file a Third Amended Complaint on a Court-provided form.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend his Complaint, Doc. [21], is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to Serve Defendants, Doc. [15], is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's failure to timely file his Third Amended Complaint in compliance with this Order will result in dismissal of this action, without prejudice.

Dated this 13th day of February, 2026.

_Sarah E. Pitlyk_
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE